IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOE A. MUSANTE, JR.,

       Plaintiff,                                              CIV NO. S-04-2209 GGH

    vs.

JO ANNE B. BARNHART,
Commissioner of
Social Security,                                                         ORDER

       Defendant.
_____/

       Counsel's motion for attorney's fees, filed September 25, 2006, is pending before the court. Defendant did not file a response. Counsel requests attorney's fees in the amount of $10,609.50. The case is before the undersigned pursuant to 28 U.S.C. § 636(c) (consent to proceed before a magistrate judge).

       Attorneys are entitled to fees for cases in which they successfully have represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of

1

this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1).

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991). The Commissioner has standing to challenge the fee award. Craig v. Secretary, Dept. of Health & Human Serv., 864 F.2d 324, 328 (4th Cir. 1989). The goal is to provide adequate incentive for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted. Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25 percent statutory maximum fee is not automatic. The court also must ensure that the fee request is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828 (2002) (reversing downward adjustment of attorney's fees based on lodestar calculation). The Gisbrecht court suggested that the claimant's lawyer should submit a record of hours spent and a statement of the lawyer's normal hourly billing charge to assist the court in concluding that the fee sought is reasonable. Id. The character of the representation (including matters such as attorney caused delay), or the nature of the results achieved might, in a proper case, justify downward adjustment from the statutory maximum fee. Id.

Counsel has attached to his declaration a letter advising plaintiff that the Social Security Administration is withholding 25% of plaintiff's past due benefits, or $10,684.50, to pay attorney's fees. Counsel requests a fee in the amount of $10,609.50. Counsel has submitted a copy of a standard social security case 25% contingency fee arrangement, together with a statement documenting 17.20 hours expended on matters before this court. The motion seeks fees for 21.6 hours of time, presumably due to added time to prepare the instant motion as the last documented date on the statement is December 15, 2005. The court finds the amount of hours expended to be reasonable. After reduction for $3,390 in EAJA fees already awarded, the remaining fee of $7,219.50 divided by the hours expended constitutes an hourly billing rate of

1 approximately $ 319.44/hour.  The court finds $10,609.50 to be a reasonable fee in light of the
2 contingency arrangement between plaintiff and his counsel, the hours expended, the quality of
3 counsel's representation, the results achieved, and an offset for already awarded EAJA fees.
4       Accordingly, counsel's request for attorney's fees in the amount of $10,609.50
5 (minus the already received EAJA fee) is GRANTED.  Plaintiff has previously been awarded
6 EAJA fees in the amount of $3,390.  Counsel is entitled to the greater of the two amounts
7 awarded for legal work, and plaintiff to the lesser amount.  28 U.S.C. § 2412; <u>Gisbrecht</u>, 122
8 S.Ct. at 1822.  Counsel accordingly is entitled to receive an additional $7,219.50 from plaintiff's
9 retroactive benefits.  The Commissioner is directed to pay the $7,219.50 forthwith and remit to
10 plaintiff the remainder of his withheld benefits.
11 DATED: 12/4/06
12                     /s/ Gregory G. Hollows

                    _____
13                     GREGORY G. HOLLOWS
                    UNITED STATES MAGISTRATE JUDGE
14 GGH:076
Musante2209.fee.wpd